IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HANS J. MENDE, | § |
| | § No. 466, 2025 |
| Intervenor Below, Appellant, | § |
| | § Court Below: Court of Chancery |
| and | § of the State of Delaware |
| | § |
| AMCI GROUP, LLC, | § C.A. No. 2025-0570 |
| | § |
| Defendant Below, Limited Appellant, | § |
| | § |
| | § |
| v. | § |
| | § |
| FRITZ R. KUNDRUN, | § |
| | § |
| Plaintiff Below, Appellee.[1] | § |

Submitted:  November 26, 2025
Decided:    January 15, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order, and the documents attached thereto, it appears to the Court that:

(1)    Hans J. Mende and Fritz R. Kundrun each own, directly or indirectly, fifty percent of AMCI Group, LLC.  Mende and Kundrun's relationship has soured, and Kundrun brought an action in the Court of Chancery seeking books and records

---

[1] The Court has modified the caption to reflect the positions of the parties on appeal.

from AMCI.[2] At issue in this appeal is Kundrun's motion to disqualify counsel from Williams & Connolly and Ross Aronstam & Moritz from representing AMCI in this books and records action and for the appointment of a receiver for the limited purpose of identifying and directing "neutral" company counsel with respect to the litigation. Kundrun asserted that Mende's selection of company counsel over Kundrun's objections violated the operating agreement's requirement that such decisions be unanimously approved by the board, of which Mende and Kundrun are the only directors. Kundrun also claimed that Mende's selection of counsel created a professional conflict of interest.

(2)     A Magistrate in Chancery found that Kundrun did not show by clear and convincing evidence that counsel should be disqualified. The Magistrate determined that AMCI's operating agreement gives Mende the authority to act on behalf of the board, except as to six specified actions that do not include retaining counsel. The Magistrate disagreed with Kundrun's contention that a conflict between Mende and the company should prevent Mende from selecting company counsel. The magistrate emphasized that there was no evidence of a violation of professional conduct rules by counsel.

---

[2] Since 2022, Kundrun has also initiated numerous other actions against Mende, AMCI, or related entities in Delaware and other jurisdictions.

(3)     Kundrun took exceptions to the Magistrate's report under Court of Chancery Rule 144.  The Vice Chancellor found that the operating agreement empowers Mende to exercise the full powers of the board only within the scope of AMCI's day-to-day operations.  The Vice Chancellor determined that this books and records action by a 50% member who is also one of the directors on a two-member board does not fall within the scope of day-to-day operations, and company counsel therefore could not take direction from Mende or officers that report to Mende.  Thus, the Vice Chancellor ordered that company counsel would be required to maintain neutrality, carrying out orders from the court and providing information about the existence of documents and the burden of producing them, without taking a position adverse to Mende or Kundrun, while Mende would be permitted to intervene with his personal counsel to defend the proceeding.

(4)     Mende applied for certification of an interlocutory appeal.  He argued that the Court of Chancery's decision determined a substantial issue of material importance because it decided that Kundrun "is entitled to demand access to the company's books and records as a manager,"[3] which relates to the merits of the case, and because Kundrun is adverse to AMCI.  Mende also argued that the decision involves a question of first impression[4] as to the construction and application of 6

---

[3] Application for Certification of Interlocutory Appeal ¶ 1.
[4] DEL. SUPR. CT. R. 42(b)(iii)(A).

3

*Del. C.* § 18-305[5] and that interlocutory review would serve considerations of justice.[6] Kundrun opposed Mende's application. He emphasized that the court did not, as Mende contended, conclude that Kundrun is entitled to demand books and records. He also argued that the Rule 42(b)(iii) considerations were not satisfied.

(5) The Court of Chancery agreed with Kundrun's arguments and denied the application for certification. Weighing the likely benefits of interlocutory review against the probable costs, as required by Rule 42(b)(iii), the court determined that the balance favored denying the application. The court wrote: "This is a summary proceeding that can be completed quickly. The Supreme Court can review the issue the case raises in an appeal from a final order. In the meantime, the only practical impact of the challenged ruling is on the allocation of expenses. AMCI was bearing the full costs of defense through its counsel, meaning Kundrun was indirectly bearing half of the expenses incurred opposing his demand. Under the court's ruling, each side must pay for their own counsel. In my judgment, that inconvenience to Mende is not a sufficient reason to warrant certifying an interlocutory appeal."[7]

(6) Applications for interlocutory review are addressed to the sound discretion of this Court.[8] We have concluded, in the exercise of our discretion, that

---

[5] *Id.* R. 42(b)(iii)(C).
[6] *Id.* 42(b)(iii)(H).
[7] *Kundrun v. AMCI Group, LLC*, C.A. No. 2025-0579, Docket Entry No. 100, Order Denying Application for Certification (Del. Ch. Nov. 24, 2025).
[8] DEL. SUPR. CT. R. 42(d)(v).

the interlocutory appeal should be refused. We agree with the Court of Chancery that the probable costs and disruption of an interlocutory appeal in what is supposed to be a summary action outweigh the likely benefits,[9] and we find no exceptional circumstances that merit interlocutory review of the Court of Chancery's decision.[10]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

---

[9] *Id.* R. 42(b)(iii).
[10] *Id.* R. 42(b)(ii).